IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DON BORESELLINO,
    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,
    Defendants.

Case No. 1:16-cv-01440-JES-JEH

### ORDER AND OPINION

This matter is now before the Court on the Plaintiff's, Don Boresellino, Motion to Remand (Doc. 7). The Defendant has filed a Response (Doc. 8). For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

The Plaintiff filed a Complaint on September 30, 2016, in the Circuit Court of the County of Peoria, Illinois, case number 2016-L-209. The Plaintiff alleges that while shopping at Lowe's in Peoria, Illinois, a sign fell and injured him. (Doc. 1-1, at 2). The Plaintiff filed suit, claiming negligence and seeking damages. The Defendant removed the case to the Central District of Illinois on November 10, 2016. (Doc. 1).

### LEGAL STANDARD

A civil action brought in a state court may be removed by a defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). An action that is removed based on diversity of citizenship is improper if any defendant is a citizen of the state in which the action is brought. § 1441(b)(2). The party seeking to removing the case on diversity grounds "bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at

1

the time of removal." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000), *citing In re County Collector*, 96, F.3d 890, 895 (7th Cir. 1996). Additionally, § 1446(c) places "a one-year limit on removal of diversity cases in situations where a case is not initially removable but becomes removable at a later stage in the proceedings." *Rothner v. City of Chicago*, 879 F.2d 1402, 1418 (7th Cir. 1989).

Removal from a state court is complete, and the federal district court acquires exclusive jurisdiction over the case, once "a removal petition is filed and proper notice is given to adverse parties in state court." § 1446(d); *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1078 (N.D. Ill. 2004). Thereafter, the state court is divested of jurisdiction over the case and may not consider motions or enter orders. *Id.*; § 1446(d) ("the State court shall proceed no further unless and until the case is remanded."). Once a case is removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).

## ANALYSIS

### I

This case was properly removed under 28 U.S.C. §§ 1441 and 1446.  Removal of a civil action to federal court is proper so long as the action is one "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Thus, because district courts have original jurisdiction over actions meeting the requirements for diversity of citizenship, removal may be based on diversity jurisdiction. See §§ 1332, 1441; *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (stating that removal is proper for any action that could have been

filed originally in federal court). Generally, diversity must be present both at the time the complaint is filed and when it is removed. See *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986). The Court looks to original complaint to determine whether diversity of citizenship exists. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883).

The Notice for Removal states that the Plaintiff is a citizen of Illinois. It also states that the Defendant LLC is a citizen of North Carolina. Lowe's Home Centers, LLC, has one member, Lowe's Companies, Inc., which is incorporated under the laws of North Carolina with a principal place of business in North Carolina. (Doc. 1, at 2). Citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Therefore, diversity jurisdiction was properly alleged.

The amount in controversy requirement of 28 U.S.C. § 1332 must also be met. The Notice alleges that there is in excess of $75,000 in controversy, "When the jurisdictional threshold is uncontested, we generally will accept the plaintiff's good faith allegation of the amount in controversy unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839 (7th Cir. 2009), quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (internal citations omitted). Therefore, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

II

Now, the Plaintiff seeks remand, stating that he is "amending his Complaint to include the employee who set up the display, who lives in the State of Illinois." (Doc. 7, at 1). The Amended Complaint provided by the Plaintiff (Doc. 7-1) appears to have been filed – or will be filed – in the Peoria County Circuit Court. However, that court no longer has jurisdiction over this case. The

Defendant's Notice of Removal was filed on November 10, 2016. From that date, exclusive jurisdiction over the case rested with this Court. See *Schmude*, 312 F. Supp. 2d at 1078; 28 U.S.C. § 1446(d) ("the State court shall proceed no further unless and until the case is remanded."). The removal stripped the Peoria County court of jurisdiction to entertain motions or enter orders.

"Once a removal petition is filed and proper notice is given to adverse parties in state court, the federal district court has exclusive jurisdiction over the case." *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1078 (N.D. Ill. 2004) (citing 28 U.S.C. § 1446(d); *Georgia v. Rachel,* 384 U.S. 780, 797 n. 27 (1966)). Thus, any motion filed in the state court after the notice of removal is presented to the district court would "come too late, since by then the state court had lost jurisdiction." *Fox Valley AMC/Jeer, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367 (7th Cir. 1988).

Under § 1447(e), the Court may either deny a plaintiff's post-removal attempt to join a diversity-destroying defendant, or "permit joinder and remand the action to the State court." 28 U.S.C. § 1447. However, in the instant case, the Plaintiff has made no such motion in this Court to join a party to the suit. If the Plaintiff seeks to join "John Doe Employee," he must properly move to amend and allege that individual's citizenship in this Court.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Doc. 7) is DENIED.

Signed on this 19th day of January 2017.

 s/ James E. Shadid
James E. Shadid
Chief United States District Judge